

21 Roszel Road
P.O. Box 5226
Princeton, NJ 08543-5226
609.924.0808 *main* | 609.452.1888 *fax*

www.hillwallack.com

WRITER'S DIRECT DIAL: (609)734-6358

January 11, 2021

**Via ECF**
Hon. Edward S. Kiel, U.S.M.J.
United States District Court for the District of New Jersey
Martin Luther King Jr. Bldg. & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

      Re:  <u>*Rensselaer Polytechnic Institute v. Samsung Electronics America, Inc. et al.*
          2:19-cv-20097 (KM-ESK)</u>

Dear Judge Kiel:

      This firm, together with Murtha Cullina LLP, represents Plaintiff Rensselaer Polytechnic Institute ("Rensselaer") in the above referenced matter.  Please accept this letter pursuant to the Court's December 28, 2020 Order (Dkt. No. 66) in opposition to defendants Samsung Electronics America, Inc. and Samsung Electronics Co., Ltd. (collectively "Samsung") request for leave to file a motion for summary judgment of indefiniteness of the asserted claims of U.S. Patent No. 6,906,339 ("the '339 patent") contemporaneously with claim construction.  (Letter dated December 23, 2020 from David De Lorenzi to Honorable Edward S. Kiel, U.S.M.J. (Dkt. No. 65), "De Lorenzi Letter").  Rensselaer opposes Samsung's request because the summary judgment motion would be premature as the factual record critical to Samsung's indefiniteness argument will not be complete until discovery has been completed.  Adjusting the claim construction schedule to accommodate the necessary fact discovery will result in substantial delay in the claim construction process and frustrate the goal of a relatively early claim construction process as contemplated by the present schedule.  Further, it will result in duplicative and overly burdensome discovery of the fact and expert witnesses.

      It is the frequent practice of courts in this Circuit to defer consideration of an indefiniteness challenge until the summary judgment phase or at trial, when there is a fully developed record. *Par Pharmaceutical, Inc. et al , v. Sandoz Inc*. 18-14895, 2020 WL 1130387, at *8 (D.N.J. Mar. 9, 2020, *e.g. Sanofi-Aventis U.S. LLC v. Mylan GmbH*, No. 17-9105, 2019 WL 20067373, at *10 (D.N.J. May 9, 2019) ("[T]his Court address invalidity disputes, of which indefiniteness is one, at summary judgment or at trial."); *Adapt Pharma Operations Ltd. v. Teva Pharm. USA, Inc.*, No. 16-7721, 2019 WL 1789463, at *4 (D.N.J. Apr. 24, 2019) (deferring decision on an indefiniteness challenge until the presentation of expert testimony); *Cipher Pharmaceuticals Inc. v. Actavis Laboratories FL, Inc.*, 99F.Supp.3d 508, at 512-514 (D.N.J. 2015).  As the court explained in the claim construction ruling in the *Cipher Pharmaceuticals* case (99 F.Supp.3d 508), deferment of the indefiniteness inquiry until after claim construction is especially appropriate when the indefiniteness dispute "ventures far beyond the inherent meaning of the words [of the claim]" and construction of the term at issue would not resolve the indefiniteness issue.  *Cipher Pharmaceuticals Inc.*, 99 F.Supp.3d. at 514.

HILL WALLACK LLP
ATTORNEYS AT LAW

Page 2

This is the situation in the present case: according to Rensselaer's understanding, Samsung's indefiniteness claim will not be resolved by the Court's construction of the words of the PCS term at issue. Rather, the indefiniteness claim involves a separate inquiry that is "better left for decision at summary judgment, on a more developed record." *Id.* It has been recognized in New Jersey that when a party asks for something that requires the Court to find facts, apply the clear-and-convincing evidence standard to those facts, and arrive at a judgment of patent validity or invalidity, it is most appropriately done in the procedural context of summary judgment or trial. *Impax Laboratories, Inc. v. Actavis Laboratories FL, Inc.,* 2017 WL 1900726, No. 15-6934 (D.N.J May 9, 2017). Before the Court is asked to arrive at such a judgment, the factual record needs to be fully developed. Such a factual record has not been established in this case as fact discovery is still in its relatively early stages.

Samsung asserts that no further fact discovery is necessary to understand that the claim terms related to photon correlated spectroscopy ("PCS") are indefinite. Rensselaer disagrees. Substantial fact discovery will be necessary to properly consider and resolve this indefiniteness issue. Discovery will be needed from experts and fact witnesses as to as to what PCS is, how it works, and how PCS would have been understood by those of skill in the art. This will require additional fact discovery of the parties. Samsung's request to the Court indicates it intends to present evidence of the patentee's testing during "conception and reduction to practice of the claimed inventions." (De Lorenzi Letter at page 3). This necessitates inventor testimony regarding his conception, reduction to practice, testing, and development of his invention. Further, Samsung's knowledge and understanding of PCS and its use would also be relevant to the knowledge of those of skill in the art regarding the PCS claim limitation at issue. The factual record related to how PCS was understood by those of skill in the art and the inventor's conception and reduction to practice should be complete before any summary judgment motion is filed. Following the existing fact discovery schedule will provide the most efficient discovery process for the parties. Witnesses will only need to be deposed once, and will not have to be called back later in discovery for additional depositions.

The scheduled discovery period for claim construction is limited in scope to enable issuance of a claim construction decision relatively early in the case. This helps all parties. However, the limited discovery period is insufficient to allow for the complete fact discovery necessary for the Court to conduct a proper indefiniteness analysis. The extensions needed to complete the necessary fact discovery would cause substantial delay to the construction of the claims. Additionally, even if the claim construction discovery period were extended to accommodate the additional discovery required by Samsung's indefiniteness argument, fact witnesses like the inventor will likely need to be deposed again later in the case. Rensselaer wishes to avoid subjecting any witnesses to the burden of multiple depositions. It would be much more efficient to conduct the indefiniteness inquiry after the early claim construction and after fact discovery is complete.

Lastly, Samsung is wrong in its assertion that the claims at issue are subject to *Honeywell*-type indefiniteness. The claims at issue in the '339 patent explicitly identify a single method of measurement: photon correlated spectroscopy ("PCS"), which those with knowledge in the relevant art understand based on their knowledge and the teachings and guidance in the patent. Not only does the claim language at issue explicitly identify PCS measurement but the patent's specification, examples,

**HILL WALLACK LLP**
ATTORNEYS AT LAW

Page 3

and figures instructs those reading the patent on the use of PCS technology according the invention. This situation is quite different from the cases cited in Samsung's letter where indefiniteness was found when the claim language itself was vague or completely silent as to which of several measurement techniques might be used.

For example, in *Otsuka Pharm. Co. v. Torrent Pharm. Ltd., Inc.,* 151 F. Supp. 3d 525 (D.N.J. 2015) the patent at issue taught and permitted using multiple methods for measuring particles. This is very different from the '339 patent, which discloses just a single measurement method: PCS. Only the PCS method is mentioned and it is mentioned both in the claim language and throughout the patent specification. The '339 patent is also distinct from the patent in *Horizon Pharma Ireland Ltd. v. Actavis Labs., UT, Inc.,* No. 14-7992, 2016 WL 4408990 (D.N.J. Aug. 17, 2016). The *Horizon* patent disclosed two different methods to measure the ambiguous claim term "better drying time" making it unclear which method to use. The '339 patent instead has clear claim terms and a specification that explicitly identifies PCS as the single measurement method.

Rensselaer believes the existing schedule is best suited to move the case forward in a timely and efficient manner. It allows for an early and timely claim construction, followed by fact discovery to permit full development of the record relevant to a summary judgment motion on indefiniteness.

    Respectfully submitted,

    _s/s Eric I. Abraham_
    ERIC I. ABRAHAM

cc:    All Counsel of Record (via ECF and e-mail)