

21 Roszel Road
P.O. Box 5226
Princeton, NJ 08543-5226
609.924.0808 *main* | 609.452.1888 *fax*

www.hillwallack.com

WRITER'S DIRECT DIAL: (609)734-6358

February 17, 2021

Hon. Edward S. Kiel, U.S.M.J.
United States District Court for the District of New Jersey
Martin Luther King Jr. Bldg. & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

      Re: <u>Rensselaer Polytechnic Institute v. Samsung Electronics America, Inc. et al.</u>
          2:19-cv-20097 (KM-ESK)

Dear Judge Kiel:

      This firm, together with Murtha Cullina LLP, represents Plaintiff Rensselaer Polytechnic Institute ("Rensselaer") in the above referenced matter. Please accept this letter pursuant to the Court's February 8, 2021 Order (ECF No. 73) in response to the February 12, 2021 letter to Your Honor (ECF No. 75) from Defendants Samsung Electronics America, Inc. and Samsung Electronics Co., Ltd. (collectively "Samsung") in support of its request for leave to file an early motion for summary judgment of indefiniteness of the asserted claims of U.S. Patent No. 6,906,339 ("the '339 patent") contemporaneously with claim construction. Rensselaer opposes such an early motion. The existing, agreed-upon schedule and the Court's standard practice of hearing summary judgment motions after completion of fact discovery should be followed as it is the most appropriate schedule and least burdensome option for the parties.

      Rensselaer opposes Samsung's request because as stated in Rensselaer's previous letter to the Court on this issue (ECF No. 67 at 1-2), the summary judgment motion would be premature given that the factual record critical to Samsung's summary judgment motion will not be complete until the necessary fact discovery period has been completed. Samsung's letters to the Court make clear that, as part of its motion, Samsung intends to present evidence of the inventor's records and testing performed during the conception and reduction to practice of the claimed invention (ECF No. 65 at 3; ECF No. 75 at 1 and 3). While Samsung claims that "no further factual development is necessary to resolve" the indefiniteness issue, in the same sentence Samsung states that it will establish indefiniteness using "RPI's own admissions and inventor records." (ECF No. 75 at 1.) Samsung's inclusion of such evidence will likely trigger extensive fact discovery related to the inventor's work, which discovery is in its early stages and is incomplete. Document production is ongoing, no email documents have been produced, and no depositions have even been noticed. The "RPI admissions" that Samsung will rely upon are excerpts from exchanged disclosures that have been taken out of context. Samsung's premature motion – based upon Samsung's interpretation of Rensselaer's documents and so called "admissions" before the factual record has been fully developed – will result in piecemeal and overly burdensome additional discovery requiring duplicative depositions. For example, under Samsung's request, it would become likely that the inventor would have to sit for multiple depositions – one related to Samsung's indefiniteness arguments and at least one other related to other aspects of the case. Further, if Samsung intends to rely on Rensselaer's PCS activities (such as the inventor's records) as evidence of indefiniteness, it also could make relevant Samsung's PCS activities for which discovery has only initially begun.

      Samsung's continued invocation of the *Otsuka* case (151 F. Supp. 3d 525 (D.N.J. 2015)) is also misplaced, as that case supports neither Samsung's arguments for indefiniteness nor its request to decide the issue during claim construction. Contrary to Samsung's assertions, the patents and asserted claims in this case are quite different from the patent claims alleged to be indefinite in the *Otsuka* case. In *Otsuka,* the court found the claim

**HILL WALLACK LLP**
ATTORNEYS AT LAW

Page 2

term "mean particle size" to be indefinite not because there were multiple ways to measure the mean particle size, as Samsung seems to suggest, but rather because there was nothing in the specification, prosecution history, or extrinsic evidence to guide the skilled practitioner as to which of the multiple measurements they should use. *Otsuka,* 151 F. Supp. 3d at 548-549.  As the *Otsuka* court recognized, an indefiniteness challenge can be overcome even where multiple known approaches exist when the patent and prosecution history establish that a person having ordinary skill in the art would know which approach to select.  151 F. Supp. 3d at 545.  The specification, figures, and prosecution history of the Rensselaer patents clearly indicate to those of ordinary skill in the art which PCS measurement approach to select.  The patent specification and the claims themselves explicitly call out use of PCS to measure the average nanoparticle size, and, as admitted by Samsung, PCS test results reflecting weight % are reported on the face of the '339 patent.  ECF No. 65 at 3.  In the *Otsuka* case, the patent owner proffered four different proposed claim constructions.  151 F.Supp.3d at 524.  In this case, Rensselaer has proffered a single claim construction.  The evidence will show ample support for this construction and clear guidance to those of skill in the art as to the PCS element of the claims.

      The *Otsuka* case also does not support Samsung's request to have the indefiniteness issue decided before discovery is complete.  In *Otsuka*, the parties engaged in a lengthy period of claim construction discovery marked by a plethora of discovery disputes and motion practice (*id*. at 530), and the movant appeared to rely only on expert testimony and not factual evidence related to the inventor records, testing, conception, or reduction to practice of the invention.  In this case, the existing schedule permits a limited time for the required claim construction discovery, and Samsung intends to inject additional factual evidence related to the inventor's records and solely to the indefiniteness issue.

      The existing schedule is best suited to move the case forward in a timely and efficient matter.  Samsung's attempt to combine an early summary judgment motion without a complete factual record will delay claim construction and result in complicated and burdensome duplicative discovery.  For these reasons, Samsung's request for leave to file its early summary judgment motion should be denied

      Respectfully submitted,

      *s/ Eric I. Abraham*
      ERIC I. ABRAHAM

cc:    All Counsel of Record (via ECF and e-mail)