Eric I. Abraham
Hill Wallack LLP
21 Roszel Road
P.O. Box 5226
Princeton, NJ 08543-5226
(609) 734-6358

OF COUNSEL

Richard J. Basile (*pro hac vice* pending)
Murtha Cullina LLP
177 Broad Street
Stamford, CT 06901
(203) 653-5400

Anthony Gangemi (*pro hac vice* pending)
Terence J. Brunau (*pro hac vice* pending)
Murtha Cullina LLP
265 Church Street
New Haven, CT 06510
(203) 772-7700

*Attorneys for Rensselaer Polytechnic Institute*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| RENSSELAER POLYTECHNIC INSTITUTE, | : : : | |
| Plaintiff, | : : | CIVIL ACTION NO.: 19-CV-20097 |
| v. | : : : | |
| SAMSUNG ELECTRONICS AMERICA, INC., AND SAMSUNG ELECTRONICS CO., LTD., | : : : : : | **RENSSELAER POLYTECHNIC INSTITUTE'S ANSWER TO AMENDED COUNTERCLAIMS** |
| Defendants. | : : | MARCH 10, 2021 |

## ANSWER TO AMENDED COUNTERCLAIMS

Plaintiff/ Counterclaim Defendant Rensselaer Polytechnic Institute ("Rensselaer") hereby submits its Answer in response to Defendants/ Counterclaim Plaintiffs Samsung Electronics America, Inc. ("Samsung America") and Samsung Electronics Co., Ltd.'s ("Samsung Electronics") (collectively "Samsung") Amended Counterclaims dated February 17, 2021 (ECF No. 82) as follows:

### The Parties

1. Rensselaer is without knowledge or information sufficient to form a belief as to Paragraph 1 and leaves Samsung to its proof.

2. Rensselaer is without knowledge or information sufficient to form a belief as to Paragraph 2 and leaves Samsung to its proof.

3. Admitted.

### Jurisdiction and Venue

4. Paragraph 4 of the Amended Counterclaims contains conclusions of law to which no response is required.

5. Paragraph 5 of the Amended Counterclaims contains conclusions of law to which no response is required. To the extent a response is required, Rensselaer does not contest subject matter jurisdiction in this Court for the limited purposes of this action only.

6. Paragraph 6 of the Amended Counterclaims contains conclusions of law to which no response is required. To the extent a response is required, Rensselaer

does not contest that this Court has personal jurisdiction over Rensselaer for the limited purposes of this action only.  Rensselaer admits it brought the present action through filing its Complaint (ECF No. 1).  Rensselaer denies the remaining allegations of Paragraph 6.

7. Paragraph 7 of the Amended Counterclaims contains conclusions of law to which no response is required.  To the extent a response is required, Rensselaer does not contest venue in this Court for the limited purposes of this action only.  Rensselaer admits that it filed the Complaint (ECF No. 1).  Rensselaer denies the remaining allegations of Paragraph 7.

### The Presence of a Case or Controversy

8. Admitted.

9. Admitted.

10. Denied.

11. Paragraph 11 of the Amended Counterclaims contains conclusions of law to which no response is required.

12. Paragraph 12 of the Amended Counterclaims contains conclusions of law to which no response is required.

### COUNT I
### Declaratory Judgment of Noninfringement of the '339 Patent

13. Rensselaer incorporates by reference its responses to Paragraphs 1 through 12 of the Amended Counterclaims.

14. Denied.

15. Paragraph 15 of the Amended Counterclaims contains conclusions of law to which no response is required.

16. Denied.

17. Paragraph 17 of the Amended Counterclaims contains conclusions of law to which no response is required.

18. Paragraph 18 of the Amended Counterclaims contains conclusions of law to which no response is required. To the extent a response is required, denied.

## COUNT II
### Declaratory Judgment of Invalidity of the '339 Patent

19. Rensselaer incorporates by reference its responses to Paragraphs 1 through 18 of the Amended Counterclaims.

20. Denied.

21. Paragraph 21 of the Amended Counterclaims contains conclusions of law to which no response is required.

22. Denied.

23. Paragraph 23 of the Amended Counterclaims contains conclusions of law to which no response is required.

24. Paragraph 24 of the Amended Counterclaims contains conclusions of law to which no response is required. To the extent a response is required, denied.

## COUNT III
### Declaratory Judgment of Noninfringement of the '119 Patent

25. Rensselaer incorporates by reference its responses to Paragraphs 1 through 24 of the Amended Counterclaims.

26. Denied.

27. Paragraph 27 of the Amended Counterclaims contains conclusions of law to which no response is required.

28. Denied.

29. Paragraph 29 of the Amended Counterclaims contains conclusions of law to which no response is required.

30. Paragraph 30 of the Amended Counterclaims contains conclusions of law to which no response is required. To the extent a response is required, denied.

## COUNT IV
## Declaratory Judgment of Invalidity of the '119 Patent

31. Rensselaer incorporates by reference its responses to Paragraphs 1 through 30 of the Amended Counterclaims.

32. Denied.

33. Paragraph 33 of the Amended Counterclaims contains conclusions of law to which no response is required.

34. Denied.

35. Paragraph 35 of the Amended Counterclaims contains conclusions of law to which no response is required.

36. Paragraph 36 of the Amended Counterclaims contains conclusions of law to which no response is required. To the extent a response is required, denied.

## COUNT V
## Declaratory Judgment of Unenforceability of the '339 Patent

37. Rensselaer incorporates by reference its responses to Paragraphs 1 through 36 of the Amended Counterclaims.

38. Paragraph 38 of the Amended Counterclaims contains no factual allegation to which a response is required.

39. Denied.

40. Admitted.

41. Admitted.

42. Admitted.

43. Admitted.

44. Paragraph 44 of the Amended Counterclaims contains conclusions of law to which no response is required.

45. Admitted.

46. Admitted that Professor Dutta signed a Declaration of Power of Attorney on September 3, 2002. The declaration speaks for itself, and Rensselaer denies the allegations of Paragraph 46 of the Amended Counterclaims to the extent they conflict with, differ from, or mischaracterize the terms of the declaration.

47. Paragraph 47 of the Amended Counterclaims contains conclusions of law to which no response is required.

48. Denied.

49. The patents-in-suit speak for themselves. Rensselaer denies the allegations of Paragraph 49 of the Amended Counterclaims to the extent they conflict with, differ from, or mischaracterize the terms of the patents-in-suit.

50. The patents-in-suit speak for themselves. Rensselaer denies the allegations of Paragraph 50 of the Amended Counterclaims to the extent they conflict with, differ from, or mischaracterize the terms of the patents-in-suit.

51. The referenced declaration of Professor Dutta speaks for itself. Rensselaer denies the allegations of Paragraph 51 of the Amended Counterclaims to the extent they conflict with, differ from, or mischaracterize the terms of the declaration.

52. Rensselaer's Responses to Defendants' Amended Invalidity Contentions speak for themselves, and Rensselaer denies the allegations of Paragraph 52 of the Amended Counterclaims to the extent they conflict with, differ from, or mischaracterize the responses.

53. The patents-in-suit speak for themselves. Rensselaer denies the allegations of Paragraph 53 of the Amended Counterclaims to the extent they conflict with, differ from, or mischaracterize the terms of the patents-in-suit. Denied with respect to the remaining allegations of Paragraph 53 of the Amended Counterclaims.

54. The patents-in-suit speak for themselves. Rensselaer denies the allegations of Paragraph 54 of the Amended Counterclaims to the extent they conflict with, differ from, or mischaracterize the terms of the patents-in-suit.

55. The patents-in-suit speak for themselves. Rensselaer denies the allegations of Paragraph 55 of the Amended Counterclaims to the extent they conflict with, differ from, or mischaracterize the terms of the patents-in-suit.

56. The patents-in-suit speak for themselves. Rensselaer denies the allegations of Paragraph 56 of the Amended Counterclaims to the extent they conflict with, differ from, or mischaracterize the terms of the patents-in-suit.

57. The patents-in-suit speak for themselves. Rensselaer denies the allegations of Paragraph 57 of the Amended Counterclaims to the extent they conflict with, differ from, or mischaracterize the terms of the patents-in-suit.

58. The '339 patent speaks for itself. Rensselaer denies the allegations of Paragraph 58 of the Amended Counterclaims to the extent they conflict with, differ from, or mischaracterize the terms of the '339 patent.

59. Denied.

60. Admitted that, on May 1, 2020, Rensselaer produced documents relating to, among other things, the conception and reduction to practice of the alleged inventions of the asserted claims, including Professor Dutta's handwritten notes. Rensselaer's document production, including the handwritten notes, speak for themselves, and Rensselaer denies the allegations of Paragraph 60 of the Amended Counterclaims to the extent they conflict with, differ from, or mischaracterize the documents.

61. Admitted that Rensselaer produced handwritten notes in this action bearing Bates numbers RPI- 00000129-142. The handwritten notes speak for

themselves, and Rensselaer denies the allegations of Paragraph 61 of the Amended Counterclaims to the extent they conflict with, differ from, or mischaracterize the handwritten notes.

    62.    Denied.

    63.    Denied.

    64.    Denied.

    65.    Professor Dutta's handwritten notes speak for themselves.  Rensselaer denies the allegations of Paragraph 65 of the Amended Counterclaims to the extent they conflict with, differ from, or mischaracterize the handwritten notes.  Denied with respect to the remaining allegations of Paragraph 65 of the Amended Counterclaims.

    66.    Professor Dutta's handwritten notes speak for themselves.  Rensselaer denies the allegations of Paragraph 66 of the Amended Counterclaims to the extent they conflict with, differ from, or mischaracterize the handwritten notes.  Denied with respect to the remaining allegations of Paragraph 66 of the Amended Counterclaims.

    67.    The patents-in-suit and Rensselaer's document production speak for themselves.  Rensselaer denies the allegations of Paragraph 67 of the Amended Counterclaims to the extent they conflict with, differ from, or mischaracterize the terms of the patents-in-suit and/or Rensselaer's document production.

    68.    Denied.

    69.    Denied.

    70.    Denied.

71. The referenced patent prosecution history speaks for itself. Rensselaer denies the allegations of Paragraph 71 of the Amended Counterclaims to the extent they conflict with, differ from, or mischaracterize the patent prosecution history.

72. The referenced patent prosecution history speaks for itself. Rensselaer denies the allegations of Paragraph 72 of the Amended Counterclaims to the extent they conflict with, differ from, or mischaracterize the patent prosecution history.

73. The referenced declaration speaks for itself. Rensselaer denies the allegations of Paragraph 73 of the Amended Counterclaims to the extent they conflict with, differ from, or mischaracterize the declaration.

74. Denied.

75. Denied.

76. The referenced patent prosecution history speaks for itself. Rensselaer denies the allegations of Paragraph 76 of the Amended Counterclaims to the extent they conflict with, differ from, or mischaracterize the patent prosecution history.

77. Denied.

78. Admitted that PCS instruments, including the Beckman Coulter N4 Plus Submicron Particle Analyzer are capable of reporting results in Intensity% or Weight%. The referenced Beckman Coulter document speaks for itself. Rensselaer denies the allegations of Paragraph 78 of the Amended Counterclaims to the extent they conflict with, differ from, or mischaracterize the document. Denied with respect to the remaining allegations of Paragraph 78 of the Amended Counterclaims.

79. The referenced documents speak for themselves. Rensselaer denies the allegations of Paragraph 79 of the Amended Counterclaims to the extent they conflict with, differ from, or mischaracterize the documents.

80. Admitted that Rensselaer produced documents in this action bearing, *inter alia*, Bates numbers RPI- 00000081-99. The documents speak for themselves, and Rensselaer denies the allegations of Paragraph 80 of the Amended Counterclaims to the extent they conflict with, differ from, or mischaracterize the documents.

81. The referenced documents and patents-in-suit speak for themselves. Rensselaer denies the allegations of Paragraph 81 of the Amended Counterclaims to the extent they conflict with, differ from, or mischaracterize the documents and/or patents-in-suit.

82. The referenced documents and patents-in-suit speak for themselves. Rensselaer denies the allegations of Paragraph 82 of the Amended Counterclaims to the extent they conflict with, differ from, or mischaracterize the documents and/or patents-in-suit.

83. The documents and patents-in-suit speak for themselves. Rensselaer denies the allegations of Paragraph 83 of the Amended Counterclaims to the extent they conflict with, differ from, or mischaracterize the documents and/or patents-in-suit. Denied with respect to the remaining allegations of Paragraph 83 of the Amended Counterclaims.

84. The documents and patents-in-suit speak for themselves. Rensselaer denies the allegations of Paragraph 84 of the Amended Counterclaims to the extent

they conflict with, differ from, or mischaracterize the documents and/or patents-in-suit. Denied with respect to the remaining allegations of Paragraph 84 of the Amended Counterclaims.

85. Denied.

86. Denied.

87. The referenced documents speak for themselves.  Rensselaer denies the allegations of Paragraph 87 of the Amended Counterclaims to the extent they conflict with, differ from, or mischaracterize the documents.  Denied with respect to the remaining allegations of Paragraph 87 of the Amended Counterclaims.

88. Denied.

89. Denied.

90. The referenced claims of the '339 patent speak for themselves, and Rensselaer denies the allegations of Paragraph 90 of the Amended Counterclaims to the extent they conflict with, differ from, or mischaracterize claim terms.  Denied with respect to the remaining allegations of Paragraph 90 of the Amended Counterclaims.

91. Denied.

92. Denied.

93. Denied.

94. The referenced claims of the '339 patent speak for themselves, and Rensselaer denies the allegations of Paragraph 94 of the Amended Counterclaims to the extent they conflict with, differ from, or mischaracterize claim terms.

95. Paragraph 95 of the Amended Counterclaims contains conclusions of law to which no response is required. To the extent a response is required, denied.

96. Denied.

97. Paragraph 97 of the Amended Counterclaims contains conclusions of law to which no response is required. To the extent a response is required, denied

98. Rensselaer's Responses to Defendants' Amended Invalidity Contentions speak for themselves, and Rensselaer denies the allegations of Paragraph 98 of the Amended Counterclaims to the extent they conflict with, differ from, or mischaracterize the responses. Denied with respect to the remaining allegations of Paragraph 98 of the Amended Counterclaims.

99. Rensselaer's Responses to Defendants' Amended Invalidity Contentions speak for themselves, and Rensselaer denies the allegations of Paragraph 99 of the Amended Counterclaims to the extent they conflict with, differ from, or mischaracterize the responses. Denied with respect to the remaining allegations of Paragraph 99 of the Amended Counterclaims.

100. Denied.

101. Denied.

102. Denied.

103. The referenced patents-in-suit and documents speak for themselves. Rensselaer denies the allegations of Paragraph 103 of the Amended Counterclaims to the extent they conflict with, differ from, or mischaracterize the terms of the patents-in-

suit and/or documents.  Denied with respect to the remaining allegations of Paragraph 103 of the Amended Counterclaims.

104. The referenced patents-in-suit and documents speak for themselves. Rensselaer denies the allegations of Paragraph 104 of the Amended Counterclaims to the extent they conflict with, differ from, or mischaracterize the terms of the patents-in-suit and/or documents.  Denied with respect to the remaining allegations of Paragraph 104 of the Amended Counterclaims.

105. The referenced patents-in-suit and documents speak for themselves. Rensselaer denies the allegations of Paragraph 105 of the Amended Counterclaims to the extent they conflict with, differ from, or mischaracterize the terms of the patents-in-suit and/or documents.  Denied with respect to the remaining allegations of Paragraph 105 of the Amended Counterclaims.

106. Denied.

107. The referenced patents-in-suit and documents speak for themselves. Rensselaer denies the allegations of Paragraph 107 of the Amended Counterclaims to the extent they conflict with, differ from, or mischaracterize the terms of the patents-in-suit and/or documents.  Denied with respect to the remaining allegations of Paragraph 107 of the Amended Counterclaims.

108. The referenced patents-in-suit and documents speak for themselves. Rensselaer denies the allegations of Paragraph 108 of the Amended Counterclaims to the extent they conflict with, differ from, or mischaracterize the terms of the patents-in-

suit and/or documents. Denied with respect to the remaining allegations of Paragraph 108 of the Amended Counterclaims.

109. Denied.

110. Denied.

111. Denied.

## COUNT VI
## Declaratory Judgment of Unenforceability of the '119 Patent

112. Rensselaer incorporates by reference its responses to Paragraphs 37 through 111 of the Amended Counterclaims.

113. Denied.

114. Admitted.

115. Admitted.

116. Admitted.

117. Admitted.

118. Admitted.

119. Paragraph 119 of the Amended Counterclaims contains conclusions of law to which no response is required.

120. Denied.

121. Denied.

122. Denied.

123. Paragraph 123 of the Amended Counterclaims contains conclusions of law to which no response is required. To the extent a response is required, denied.

## **PRAYER FOR RELIEF**

Rensselaer denies that Samsung is entitled to the relief requested in the Amended Counterclaims. Rensselaer specifically denies that Samsung is entitled to the general or specific relief requests against Rensselaer, or to any relief whatsoever, and requests judgment in its favor as set forth in the Complaint.

        /s/ Eric I. Abraham
Eric I. Abraham
Hill Wallack LLP
21 Roszel Road
P.O. Box 5226
Princeton, NJ 08543-5226
Telephone:  609-734-6358
Facsimile:   609-452-1888
Email:  eabraham@hillwallack.com


Of Counsel:

Richard J. Basile (admitted *pro hac vice*)
Murtha Cullina LLP
177 Broad Street
Stamford, CT 06901
Telephone:  203-653-5400
Facsimile:   203-653-5444
Email:  rbasile@murthalaw.com

Anthony Gangemi (admitted *pro hac vice*)
Terence J. Brunau (admitted *pro hac vice*)
Murtha Cullina LLP
265 Church Street
New Haven, CT 06510
Telephone:  203-653-5400
Facsimile:   203-653-5444
Email:  agangemi@murthalaw.com
       tbrunau@murthalaw.com

*Attorneys for Rensselaer Polytechnic Institute*

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 10, 2021, a copy of the foregoing was filed electronically. Notice of this filing will be sent via email to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

    /s/ Eric I. Abraham
Eric I. Abraham