

21 Roszel Road
P.O. Box 5226
Princeton, NJ 08543-5226
609.924.0808 *main* | 609.452.1888 *fax*

www.hillwallack.com

WRITER'S DIRECT DIAL: (609)734-6358

March 11, 2021

Honorable Edward S. Kiel, U.S.M.J.
United States District Court for the District of New Jersey
Martin Luther King Jr. Bldg. & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

    Re:  <u>**Rensselaer Polytechnic Institute v. Samsung Electronics America, Inc. et al.**</u>
          *2:19-cv-20097 (KM-ESK)*

Dear Judge Kiel:

In accordance with Your Honor's February 8, 2021 Order (ECF No. 73), on behalf of Plaintiff Rensselaer Polytechnic Institute ("Rensselaer"), the undersigned writes, jointly with counsel for Defendants Samsung Electronics America, Inc. and Samsung Electronics Co., Ltd (together "Samsung"), to advise Your Honor of the status of the instant action in advance of the March 15, 2021 telephonic status conference.

**Discovery**

As noted in prior joint status letters to Your Honor, the parties are engaged in fact discovery, having exchanged written discovery requests and responses as well as initial document productions. With regard to certain documents produced by Samsung, Rensselaer has objected to redactions made by Samsung for "NON-RESPONSIVE TRADE SECRETS" pursuant to paragraphs 19(a) and 21(a) of the joint DCO entered in this case (ECF No. 42), and Samsung has responded to Rensselaer's objections in writing as required under the DCO. It is Rensselaer's position that the redactions are improper in the first instance given that, through the redactions, Samsung has withheld otherwise relevant and discoverable information, which is material to Rensselaer's claims at issue in this litigation. Indeed, on the basis of the *unredacted* information produced in the subject documents, it is clear that Samsung is improperly characterizing the *redacted* information as non-responsive to use the DCO to withhold discoverable information. Accordingly, Rensselaer believes that the inspection protocol contemplated by the DCO (*see* Samsung's position below) is inapplicable, and the redacted information must be produced subject to the more-than-adequate protections of the DCO.

It is Samsung's position that its redactions are proper as they pertain to information that is non-responsive according to the DCO—i.e., because that information is "not relevant to determining whether the asserted claims are infringed or are invalid." (ECF No. 42 at ¶ 19.) But, more fundamentally, it is Samsung's position, as Samsung has informed Rensselaer on numerous occasions, that the DCO

**HILL WALLACK LLP**
ATTORNEYS AT LAW

Page 2

provides clear guidance on the procedures that the parties are meant to follow regarding disputes concerning redactions relating to NON-RESPONSIVE TRADE SECRETS, including that material produced in redacted form "shall be made available for inspection in unredacted form." (ECF No. 42 at ¶ 20.) Samsung produced its redacted documents containing the NON-RESPONSIVE TRADE SECRETS on July 31, 2020 and stated that "[t]he documents shall be made available for inspection in unredacted form pursuant to paragraph 20 of the DCO." There can be no ripe dispute for the Court to address—and Rensselaer cannot know whether the redacted information is "relevant and discoverable"—until Rensselaer avails itself of the DCO's inspection protocol, which Rensselaer has yet to do.

The parties are continuing to meet and confer in connection with this issue. To the extent the parties are unable to reach a resolution on this issue, Rensselaer will present this dispute to Your Honor pursuant to L. Civ. R. 37.1.

With respect to discovery of email documents, the parties are still in the process of negotiating search terms and other criteria for the collection of email pursuant to the ESI protocol entered by Your Honor (ECF No. 50). The parties do not believe that intervention by Your Honor is necessary at this time.

### Rensselaer's Proposed Amendments to Contentions

Rensselaer intends to request leave of the Court pursuant to L. Pat. R. 3.7 to amend Rensselaer's Amended Preliminary L. Pat. R. 3.1 Disclosure of Asserted Claims and Infringement Contentions dated October 7, 2020. Without agreeing to the sufficiency of Rensselaer's disclosures, Samsung consents to Rensselaer's request for leave. It is Samsung's position that Rensselaer's proposed amendments will require that Samsung amend its responses to Rensselaer's infringement contentions and/or its invalidity contentions. Following a meet and confer, the parties have agreed to a series of extensions to the case schedule so that Samsung may respond to Rensselaer's amendments, and so that the parties may consider whether any amendments to the joint claim construction statement filed on January 11, 2021. Rensselaer will submit its request for leave to amend its contentions and a joint request to revise the case schedule by Monday, March 15, 2021.

### Samsung's Amended Pleading

On February 16, 2021, the Court granted Samsung's request for leave to file an Amended Answer, Separate Defenses, and Counterclaims. (ECF No. 80.) On February 17, 2021, Samsung filed its Amended Answer, Separate Defenses, and Counterclaims, which included counterclaims alleging that Rensselaer engaged in inequitable conduct relating to the patents asserted in this case. (ECF No. 82.) Rensselaer filed its amended response on March 10, 2021. (ECF No. 88.)

It is Samsung's position that, to the extent Rensselaer intended to challenge Samsung's allegations of inequitable conduct, Rensselaer was required to file its response on or before March 3,

**HILL WALLACK LLP**
ATTORNEYS AT LAW

Page 3

2021, pursuant to Rule 15(a)(3) of the Federal Rules of Civil Procedure.[1]  Moreover, to the extent Rensselaer sought to avail itself of the automatic clerk's extension according to Local Civil Rule 6.1(b), which allows a party an additional 14 days to respond to an amended pleading, Rensselaer was required to request such an extension prior to March 3, which it never did.  Accordingly, and in preparation of this letter, Samsung's attorneys informed Rensselaer's attorneys that Rensselaer was in default for having failed to timely respond to Samsung's counterclaims filed on February 17, 2021.  (ECF No. 82.) Sixty-nine minutes after receiving our draft of this letter, instead of first seeking consent to file its overdue response, Rensselaer simply filed its response without notice and without leave, then only sought consent *after* it filed.[2]  Samsung's lawyers will be conferring with Samsung regarding Rensselaer's request for consent but could not do so before the filing of this joint letter because those at Samsung responsible for managing this litigation are located in Korea.

Rensselaer disagrees with Samsung's position given that its answer has been filed (ECF No. 88), and, therefore, it is Rensselaer's position that the issue has been mooted.  Notwithstanding Samsung's feigned protests regarding the circumstances surrounding the filing of Rensselaer's answer, it was always Rensselaer's intention to file its answer on this date given that counsel for Rensselaer was operating under the belief that it had 21 days to respond to the amended counterclaims.  Indeed, Rensselaer's counsel already was in the process of filing prior to receiving Samsung's proposed revisions to this letter in which Samsung first indicated that it believed Rensselaer was in default.  To the extent the Court deems it appropriate, Rensselaer will file a *nunc pro tunc* motion to formally request this modest extension of 7 days, which is well within the extension contemplated by L. Civ. R. 6.1(b).

If the Court is so inclined, the parties will be prepared to discuss this issue during the March 15, 2021 teleconference with the Court.

**Claim Construction**

On January 11, 2021, the parties submitted their Joint Claim Construction and Prehearing Statement pursuant to L. Pat. R. 4.3.  Following the February 8, 2021 status conference with the Court, the Court ordered the parties' joint request to extend the claim construction deadlines while the Court continues to consider Samsung's motion for leave to file a motion for summary judgment of indefiniteness. (ECF No. 79.).  As discussed above, as part of Samsung providing its consent to Rensselaer's request for leave to amend its infringement contentions, the parties have agreed to additional extensions relating to the claim construction disclosures, which the parties will be submitting for the Court's approval by March 15th.

* * *

---

[1] The rule provides, in relevant part, that a "response to an amended pleading must be made . . . within 14 days after service of the amended pleading."  Fed. R. Civ. P. 15(a)(3).

[2] It is Samsung's understanding that filing an overdue response first and seeking consent later is not the order that is customarily followed in this jurisdiction.  Accordingly, Samsung is disappointed in how Rensselaer handled the situation and expects that proper protocol be followed going forward.

**HILL WALLACK LLP**
ATTORNEYS AT LAW

Page 4

      We thank the Court for its attention to this matter and look forward to speaking with Your Honor to discuss these and any other issues on March 15th.

                                          Respectfully submitted,

                                          /s/  Eric I. Abraham
                                          ERIC I. ABRAHAM

cc:      All Counsel of Record (via ECF and e-mail)