

David E. De Lorenzi
Director

Gibbons P.C.
One Gateway Center
Newark, NJ 07102-5310
Direct: 973-596-4743 Fax: 973-639-6235
ddelorenzi@gibbonslaw.com

July 19, 2023

Hon. Edward S. Kiel, U.S.M.J.
United States District Court for the District of New Jersey
Martin Luther King Jr. Bldg. & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

      Re:    *Rensselaer Polytechnic Institute v. Samsung Electronics America, Inc. et al.*
             *2:19-cv-20097 (KM-ESK)*

Dear Judge Kiel:

      As you know, along with Blank Rome LLP, we represent Samsung Electronics America, Inc. and Samsung Electronics Co., Ltd. (collectively, "Samsung") in the above-referenced action. We write to request an order compelling Plaintiff Rensselaer Polytechnic Institute ("RPI") to comply with the July 24, 2023 deadline (ECF No. 157) to serve its opening expert report regarding infringement of the asserted claims of the two patents-in-suit, U.S. Patent No. 6,906,339, and 7,253,119 ("the Asserted Patents").

      Samsung requests *urgent* review of its application.

      RPI is now refusing to submit its expert infringement reports and would like to pause the entire case so it can appeal a single, narrow issue on which it has recently conceded non-infringement. As further explained below, RPI cannot unilaterally choose to ignore the July 24 deadline for submission of its infringement report. RPI bears the burden of proof on Samsung's counterclaim of non-infringement and—as the plaintiff who hailed Samsung into this Court—cannot continue to hide the ball on the totality of its expert infringement positions and pause all pending issues to suit its own purpose. Samsung is prepared to seek prompt resolution of this case, and has expended substantial resources to ensure that the district court can address Samsung's counterclaims—including non-infringement, invalidity, and unenforceability—on the merits. Samsung is prepared to file its expert reports on time. Samsung is also prepared to file shortly a brief (less than 20 pages) motion for summary judgment on three, simple, independent non-infringement grounds that require no expert evidence or interpretation to resolve. In view of the late stage of this litigation coupled with the narrow scope of RPI's proposed appeal, RPI has no justification for stopping the district court litigation in its tracks. This is not a simple discovery dispute. It is an issue affecting the entire case, including Samsung's counterclaims. Accordingly, an urgent review is warranted.

GIBBONS P.C.

Hon. Edward S. Kiel, U.S.M.J.
United States District Court for the District of New Jersey
July 19, 2023
Page 2

## I. BACKGROUND

This case has been pending for 3 ½ years. The Court issued its *Markman* Order on September 6, 2022 (ECF No. 118). Fact discovery closed on May 5, 2023. Prior to the Court's July 11 Order extending the schedule (ECF No. 157), opening experts were set to be exchanged on July 10. Since the *Markman* Order, Samsung has expended significant time and money to prepare this case for resolution on the merits. Samsung has afforded RPI every opportunity to discover facts to support its theory of infringement based on the construed terms, culminating with a four-day, 20-hour deposition of Samsung's corporate representative and one of the most knowledgeable individuals at Samsung regarding the accused technology. Samsung has also spent substantial resources to prepare and file by July 10 its opening expert report regarding invalidity and unenforceability of the Asserted Patents, supported by extensive testing by Samsung's expert.

Then, on July 7—only three days before the parties' opening expert report deadline—RPI's counsel informed Samsung's counsel that RPI concedes non-infringement based on the Court's construction of the term "passivate"—one of nine terms construed by the Court over 10 months ago. Importantly, RPI's counsel advised that RPI would not concede non-infringement on any other grounds, including based on the Court's construction of other terms such as "nanoparticle" and "surface." RPI's counsel stated further that it was RPI's desire to file an interlocutory appeal to the Federal Circuit right now challenging only the Court's construction of "passivate." To allow Samsung time to consider RPI's proposal, the parties agreed and submitted for Your Honor's approval a request to extend the deadline for opening expert reports by two weeks—from July 10 to July 24. On July 11, Your Honor entered the Amended Scheduling Order reflecting this extension. (ECF No. 157).

On July 18, the parties met and conferred. Samsung's counsel explained that this case is not ripe for appeal given the "historic federal policy against piecemeal appeals." *Curtiss-Wright Corp. v. Gen Elec. Co.*, 446 U.S. 1, 8 (1980). Accordingly, Samsung advised that the district court proceeding should continue based on the current schedule and that RPI cannot pause the district court litigation to appeal a single term. Samsung also informed RPI of its intent to file a motion for summary judgment of noninfringement of all asserted claims based on the Court's construction of multiple terms, not just the one term that RPI intends to appeal. In response, RPI advised that it is "Samsung's decision" if it wants to proceed, but that RPI (as though it had a choice) would not be filing any expert infringement report on July 24 as required by the Amended Scheduling Order (ECF No. 157). On July 19, the parties met and conferred again, whereupon RPI's counsel advised for the first time that RPI would be moving to dismiss its infringement claims, but would not advise as to when it would be making such a motion.

GIBBONS P.C.

Hon. Edward S. Kiel, U.S.M.J.
United States District Court for the District of New Jersey
July 19, 2023
Page 3

## II. ARGUMENT

Samsung respectfully requests that the Court order RPI to comply with its obligation to serve its opening expert infringement report on July 24 for two reasons: (1) RPI cannot unilaterally decide to disregard the July 24 deadline given its burden regarding infringement; and (2) there is no "good cause" for either extending the July 24 deadline further or staying the deadline to permit RPI's flawed strategy of seeking to appeal only one of the Court's nine claim constructions prior to full resolution on the merits of other substantive issues arising from RPI's claims and Samsung's counterclaims in violation of the longstanding federal policy disfavoring piecemeal litigation. RPI's refusal to provide its expert positions regarding infringement on July 24 is clearly engineered to preclude Samsung from understanding the grounds for RPI's infringement case, and delays Samsung from being heard on the merits by this Court.

In short, Samsung has diligently prepared this case for prompt resolution, and RPI has not. Samsung has afforded RPI multiple opportunities to withdraw its baseless infringement claims—once in June 2020 during the early stages of this litigation, and again in October 2022 after the Court issued its claim construction. RPI chose instead to press its baseless claims. RPI has no basis to hit the pause button now.

### A. RPI Cannot Unilaterally Avoid the Court-Ordered July 24 Deadline, Which Applies Even If RPI Were To Withdraw Its Infringement Claims

The July 24 deadline is a Court order that a party cannot simply choose to disregard. *See, e.g.*, Fed. R. Civ. P. 16(f)(1)(C) ("Failure to obey a scheduling . . . order" is itself sanctionable). Accordingly, unless and until the Court provides relief from the July 24 deadline, RPI must comply.

Moreover, the fact that RPI has conceded non-infringement based on the Court's construction of a single term does not absolve RPI from providing all of its expert positions regarding infringement for at least the reason that its infringement claims as specified in its complaint (ECF No. 1) remain active. RPI's concession of non-infringement based on the Court's construction of a single claim term does not amount to an order from this Court allowing RPI to withdraw its infringement claims voluntarily. Even if RPI were to obtain such an order, which RPI stated on the parties' July 19 meet-and-confer it would seek, it would still need to submit its opening expert infringement report on July 24 given that Samsung has declaratory judgment counterclaims of non-infringement (*see* ECF No. 82), which Samsung does not agree to withdraw to facilitate RPI's premature appeal. The specific deadline ordered by this Court requires submission of "[o]pening liability, invalidity (except for secondary considerations), and unenforceable expert reports ***by party bearing burden***." (ECF No. 157 at 2 (emphasis added).) Because RPI bears the burden of proof on infringement even with respect to Samsung's declaratory judgment counterclaims of non-infringement, *Medtronic, Inc. v. Mirowski Fam. Ventures, LLC,* 571 U.S. 191, 198 (2014), RPI's July 24 obligation is to disclose all of its expert positions regarding infringement even if RPI has no affirmative claims of infringement. Those

GIBBONS P.C.

Hon. Edward S. Kiel, U.S.M.J.
United States District Court for the District of New Jersey
July 19, 2023
Page 4

positions cannot be raised for the first time in response to Samsung's expert non-infringement report. And Samsung reserves its right to move to strike any such expert positions disclosed for the first time only in response to Samsung's expert report regarding non-infringement as an end run around the Amended Scheduling Order requiring the party with the burden on a substantive issue to disclose those expert positions in its July 24 opening report.

      **B.**      **No Good Cause Exists for Modifying the July 24 Deadline**

No "good cause" exists pursuant to Rule 16(b)(4) of the Federal Rules of Civil Procedure for modifying the schedule to relieve RPI of its obligation to serve its expert report regarding infringement on July 24. This deadline has already been extended twice since Your Honor entered the post-claim construction schedule (ECF No. 122)—once to extend the deadline for the close of fact discovery by two months (ECF No. 137), and a second time due to RPI's eleventh-hour concession of non-infringement based on a claim construction that the Court issued in September of last year (ECF No. 157). To the extent RPI wanted to put this case on hold to appeal the Court's claim construction, it could have attempted to do that when the Court issued its *Markman* Order in September 2022. Instead, RPI forced Samsung to litigate over the ensuing 10 months. This case is now too far along to justify setting back the expert discovery schedule further and allowing RPI to avoid having to disclose its expert positions as scheduled. The fact that RPI—as the plaintiff who hailed Samsung into this Court—is not be prepared to disclose all of its expert opinions on July 24, including those directed to issues unrelated to the "passivate" term that RPI seeks to appeal, is no excuse for avoiding the July 24 deadline. And to the extent RPI's strategy is to disregard its burden and circumvent the Amended Scheduling Order by waiting until the reply stage to disclose its expert positions regarding infringement for the first time, Samsung reserves its rights to move to strike, and, additionally, for sanctions pursuant to Rules 16(f) and 37 of the Federal Rules of Civil Procedure.

There is also no "good cause" for modifying the schedule to permit RPI to artificially manufacture a "final judgment" for purposes of facilitating a piecemeal appeal of a single claim construction before the district resolves all pending claims and counterclaims on the merits. Piecemeal litigation like that which would flow from RPI's strategy is **strictly precluded** in federal courts. *See Nystrom v. TREX Co.*, 339 F.3d 1347, 1350 (Fed. Cir. 2003) (noting that "piecemeal litigation is as strictly precluded by the rule of finality for patent cases as it is for any other case"). Indeed, if the Court were to allow RPI to put this case on pause and proceed to the Federal Circuit, the only issue that the Federal Circuit would address is the construction of "passivate" despite the presence of myriad other issues that Samsung has been diligently preparing so that this Court may resolve those issues on the merits. *See Massachusetts Institute of Technology v. Abacus Software*, 462 F.3d 1344, 1350 (Fed. Cir. 2006) (limiting consideration of issues to those "presented by the judgment under review"). Moreover, even if RPI were successful on appeal, when the case is remanded, Samsung would present its grounds for non-infringement, invalidity, and unenforceability in view of other claim terms and on bases unrelated to the issue RPI intends to appeal. If the Court (or a jury) were to rule in Samsung's favor, nothing would prevent RPI from appealing a second time. This is precisely the piecemeal

GIBBONS P.C.

Hon. Edward S. Kiel, U.S.M.J.
United States District Court for the District of New Jersey
July 19, 2023
Page 5

litigation scenario that the rule of finality seeks to avoid. And this is precisely why RPI's attempt to continue to seek an appeal of a single term—even after being informed of Samsung's intent to move for summary judgment of non-infringement based on two additional claim terms—is so egregious in its disregard of this rule.

In order to implement its strategy, RPI must obtain from this Court a final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. Rule 54(b) provides that when an action involves more than a single claim for relief, as here, "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if" the Court finds "no just reason for delay." Fed. R. Civ. P. 54(b). Rule 54(b) "attempts to strike a balance between the undesirability of piecemeal appeals and the need for making review available at a time that best serves the needs of the parties" by "allowing a district court to enter a final judgment on an order adjudicating only a portion of the matters pending before it in multi-party or multi-claim litigation and thus allowing an immediate appeal." *Elliott v. Archdiocese of N.Y.*, 682 F.3d 213, 220 (3d Cir. 2012). But certification of a judgment as final under Rule 54(b) constitutes "the exception, not the rule, to the usual course of proceedings in a district court" and "should be used only in the infrequent harsh case as an instrument for the improved administration and justice and the more satisfactory disposition of litigation in the light of the public policy indicated by statute and rule." *Panichella v. Pa. R.R. Co.*, 252 F.2d 452, 455 (3d Cir. 1958) (internal quotations omitted).

Pursuant to L. Civ. R. 73.1, and to expedite resolution of this matter and enforce compliance with the Amended Scheduling Order consistent with RPI's burden of proof regarding infringement, Samsung is amenable to having Your Honor decide the case-dispositive issue of whether entering a final judgment is appropriate (to the extent RPI moves the Court in this regard).

Even if RPI were to move the Court for entry of a final judgment, RPI has no justification for exceptional relief under Rule 54(b) and cannot show that there is "no just reason to delay" entry of final judgment on its infringement claim. Multiple courts have already rejected the exact same strategy RPI seeks to implement here, finding that allowing an appeal of the construction of one of multiple claim terms violates the balance that Rule 54(b) strives to achieve. The district court decisions in *Kim Laube & Co., Inc. v. Wahl Clipper Corp.*, No. LA CV-0900914, 2013 WL 12085352, at *1 (C.D. Cal. Mar. 8, 2013) and *Laryngeal Mask Co. Ltd. v. Ambu A/S*, No. 07-CV-1988-DMS (NLS), 2009 WL 10672437, at *1 (S.D. Cal. Aug. 25, 2009) are instructive. In *Laube*, the plaintiff, as here, conceded non-infringement based on the construction of a single term. Also as here, the defendant sought to proceed with the district court litigation and have the court rule on summary judgment issues unrelated to the term giving rise to the plaintiff's non-infringement concession. 2013 WL 12085352, at *4. Similar to the misguided assertions of the purported efficiencies to be gained by permitting an interlocutory appeal espoused by RPI's counsel during the parties' meet-and-confers regarding RPI's proposed strategy, Laube argued that "the Court [should] decline to consider Wahl's other asserted bases

GIBBONS P.C.

Hon. Edward S. Kiel, U.S.M.J.
United States District Court for the District of New Jersey
July 19, 2023
Page 6

for noninfringement, and dismiss Wahl's invalidity counterclaims as moot" because it "would be more efficient for the Court not to reach these additional patent issues." *Id.*

The district court wholly rejected Laube's efforts to pause the district court litigation, stating that "Laube's argument that a district court should stop once it reaches a single ground for resolving a claim invites extended relitigation and violates 'the historic federal policy against piecemeal appeals.'" *Id*. at *5 (citing *Curtiss-Wright*, 446 U.S. at 8). In ruling against, Laube, the district court identified the same concern Samsung raises—namely that multiple potential appeals would arise from the present litigation if RPI is permitted to appeal a single claim construction issue now. Indeed, the court found the most efficient means of proceeding is to address all substantive issues at the district court level prior to any appeal:

> [D]eciding at this time all of the grounds advanced by [defendant] Wahl so that all of them can be reviewed together by the Federal Circuit . . . is the most efficient means of proceeding in this litigation. Otherwise, there would be the possibility of a second appellate process should the Federal Circuit reverse the claim construction determination with that result followed by this Court's making decisions on the alternate grounds of invalidity advanced by Wahl with which Laube disagrees.

*Id*. at *4.

Similarly, in *Laryngeal Mask*, plaintiffs requested that the court enter a final judgment on plaintiffs' infringement claim so that the plaintiffs could appeal the construction of "backplate," one of multiple terms construed by the court. 2009 WL 10672437, at *2. Defendants objected, arguing that they had "already invested significant amounts of time and money to defend against Plaintiffs' claim and prosecute their counterclaims" and that "the most efficient approach would be to proceed with adjudication of Plaintiffs' remaining claim and their counterclaims, which would allow the Federal Circuit to address all issues in one appeal." *Id*. at *3. The district court agreed with defendants, finding that Rule 54(b) did not allow plaintiffs to take a single claim construction issue on appeal:

> [T]hat this is the only claim term the Federal Circuit would review if the Court entered judgment on Plaintiffs' claim now . . . would leave the very real possibility of the Federal Circuit having to review this Court's claim construction twice: First, to review the term 'backplate,' and then again to review all the other disputed claim terms after entry of final judgment. This result would run counter to the policies underlying Rule 54(b), and counsels against entry of judgment at this time.

*Id*.

GIBBONS P.C.

Hon. Edward S. Kiel, U.S.M.J.
United States District Court for the District of New Jersey
July 19, 2023
Page 7

The exact same scenario prompting the courts in *Laube* and *Laryngeal Mask* to refuse to enter final judgment is present here. The fact that RPI's proposed strategy presents "the very real possibility of the Federal Circuit having to review this Court's claim construction twice," *Laryngeal*, 2009 WL 01672437, at *3—first, on "passivate," and then again on other disputed terms (and other substantive determinations) that this Court (or a jury) may render with respect to Samsung's grounds for non-infringement, invalidity, and unenforceability—justifies denial of any request for entry of final judgment pursuant to Rule 54(b). Beyond the risk of multiple appeals, this case is too far along to justify depriving Samsung of the opportunity to be heard on the merits, especially given that Samsung has spent substantial time and resources over the past 10 months to prepare this case for prompt resolution (including summary judgment) in view of the Court's claim construction decision. *See In re PersonalWeb Techs., LLC Pat Litig.*, No. 18-cv-00767-BLF, 2019 WL 7212318, at *2 (N.D. Cal. Oct. 31, 2019) (denying request for entry of final judgment "at this late stage in the litigation" to allow appeal of one of multiple construed terms where defendant "has raised additional non-infringement arguments . . . that are independent from the claim construction issue [plaintiff] plans to appeal" and where defendant has moved for summary judgment).

Accordingly, there is no justification to delay or stay the July 24 deadline so that RPI may pursue its fatally flawed strategy of undermining the historic federal policy against piecemeal appellate review.

### III.   CONCLUSION

For the foregoing reasons, Samsung respectfully requests that the Court order RPI to comply with the Amended Scheduling Order (ECF No. 157) by disclosing all of its expert positions concerning infringement of the asserted claims by July 24, 2023. We thank the Court for its attention to this matter.

Respectfully submitted,

_____

David E. De Lorenzi
Director

cc:   All Counsel of Record (via ECF and e-mail)