

21 Roszel Road
P.O. Box 5226
Princeton, NJ 08543-5226
609.924.0808 main | 609.452.1888 fax

www.hillwallack.com

WRITER'S DIRECT DIAL: (609)734-6358

July 24, 2023

Hon. Edward S. Kiel, U.S.M.J.
United States District Court for the District of New Jersey
Martin Luther King Jr. Bldg. & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

    Re:  <u>*Rensselaer Polytechnic Institute v. Samsung Electronics America, Inc. et al.*
         2:19-cv-20097 *(KM-ESK)*</u>

Dear Judge Kiel:

    We, along with Murtha Cullina LLP, represent Plaintiff Rensselaer Polytechnic Institute ("Rensselaer") and write in response to Defendant Samsung's letter of July 19, 2023 (ECF No. 158) and the Court's Order of July 20, 2023 (ECF No. 159).

    Now that Rensselaer has had the opportunity to fully review and consider Samsung witnesses' testimony and all the manufacturing documents and materials belatedly produced by Samsung (and a third party) in mid- April 2023 on the eve of the Samsung depositions, and in light of the Court's claim construction, Rensselaer is contemporaneously filing a Motion For Voluntary Dismissal With Prejudice Under FRCP Rule 41(a)(2) to dismiss with prejudice all its infringement claims against Samsung. The memorandum in support of the motion states the reasons for Rensselaer's voluntary dismissal of its infringement claims. Rensselaer's filing of the motion prior to the scheduled deadlines for expert discovery and summary judgment motions eliminates the infringement claim and narrows any remaining issues before the Court and reduces both parties' costs associated with continued litigation. On July 7 and 10, 2023, by written and oral communications, Rensselaer indicated to Samsung that Rensselaer was conceding noninfringement as to all the asserted claims for both patents in the case based on the Court's construction of the term "passivate." Rensselaer informed Samsung that Rensselaer believed it was in the best interests of all parties involved to stipulate to a finding of noninfringement and to come to an agreement as to the remaining Samsung counterclaims, which Samsung could dismiss without prejudice such that the District Court could reach a final judgment. Once the final judgment is issued by the District Court it would allow Rensselaer standing to appeal the Court's claim construction to the Court of Appeals for the Federal Circuit. See, e.g., *Oatey Co. v. IPS Corp.*, 514 F.3d 1271, 1272, fn. 1 (Fed. Cir. 2008). Such a course of action would not be an interlocutory appeal because the action would

Page 2
July 24, 2023

dismissed with a final judgment ripe for appeal. The Rensselaer proposal was a path forward that could have significantly reduced the additional costs and expenses to the parties that would have resulted from additional expert discovery and dispositive motion practice, and would have preserved judicial resources.

Samsung rejected Rensselaer's proposal that Samsung dismiss its counterclaims without prejudice and has apparently decided it wants to push forward on all its counterclaims, which will force both parties to incur unnecessary additional costs and expenses. Rensselaer fully intends to follow the existing schedule with respect to Samsung's expert reports. However, Rensselaer does not believe it should be compelled to issue an expert report on infringement when it has already conceded noninfringement with prejudice. Under such circumstances, the dismissal with prejudice will definitively end the litigation and Samsung's counterclaim for non-infringement serves no useful purpose. *Hoffman-La Roche Inc. v. Genpharm Inc.*, 50 F. Supp. 2d 367, 371–72 (D.N.J. 1999); *Viavi Sols. Inc. v. Platinum Optics Tech. Inc.*, No. 5:20-CV-05501-EJD, 2023 WL 3236896, at *5 (N.D. Cal. May 2, 2023).

Because the issue of infringement has been resolved Rensselaer should not be compelled to prepare an expert report and engage in additional expert discovery on an issue that has been resolved and is moot.

                                        Respectfully submitted,

                                        */s/ Eric I. Abraham*
                                        ERIC I. ABRAHAM

cc:    All Counsel of Record (via ECF and e-mail)