

CHARLES H. CHEVALIER
Director

Gibbons P.C.
One Gateway Center
Newark, New Jersey 07102-5310
Direct: (973) 596-4611 Fax: (973) 639-6263
cchevalier@gibbonslaw.com

January 16, 2024

**VIA ECF**

Honorable Edward S. Kiel, U.S.M.J.
United States District Court for the District of New Jersey
Martin Luther King Jr. Bldg. & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

>     Re:   *Rensselaer Polytechnic Institute v. Samsung Electronics America, Inc. et al.*
>           **Civil Action No. 19-cv-20097 (KM)(ESK)**

Dear Judge Kiel:

Along with Blank Rome LLP, we represent Samsung Electronics America, Inc. and Samsung Electronics Co., Ltd. (collectively, "Samsung") in the above-referenced action. We write to oppose the request of Rensselaer Polytechnic Institute ("RPI") to stay the deadline for RPI's opposition to Samsung's motion for summary judgment of non-infringement (ECF No. 174) until after Your Honor rules on RPI's motion to dismiss its infringement claims pursuant to Fed. R. Civ. P. 41(a)(2) (ECF No. 160). RPI's request for a stay is yet another tactic employed by RPI to prevent Samsung from being heard on the merits of issues that RPI has known about for years, that are ripe for resolution, and that should be resolved before any appeal is taken.

RPI's sole argument for why a stay is appropriate is because "it will not be necessary for the parties to complete the briefing on Samsung's Motion for Summary Judgment" "[i]f the Voluntary Dismissal is granted." (ECF No. 182 at 1.) This is not true. Samsung's motion for summary judgment is not "duplicative" of RPI's motion. (*Id.*) Samsung's motion does not seek dismissal, as RPI incorrectly states, but rather seeks summary judgment of non-infringement, and does so based on grounds that are not identical to those on which RPI bases its motion to dismiss. On the one hand, RPI seeks dismissal of its infringement claims based on its concession of non-infringement due to the Court's construction of the "passivation" terms. (ECF No. 173-2 at 1.) On the other hand, Samsung seeks summary judgment of non-infringement based not only on this concession, but also on the fact that Samsung's quantum dots are not "nanoparticles" and do not possess elementally passivated "surfaces" as required by all asserted claims. (ECF No. 175 at 10-18.)

This is an important distinction because, as Samsung articulates in its opposition to RPI's motion to dismiss, RPI cites no authority that would allow RPI to concede non-infringement on one issue and retain the right to continue to assert infringement if a subsequent appeal is successful while at the same time depriving Samsung from presenting other grounds for non-infringement that are necessary for Samsung to defend itself against improper piecemeal litigation. Because Samsung is vulnerable to future infringement litigation even after RPI's infringement claims are

GIBBONS P.C.

Honorable Edward S. Kiel, U.S.M.J.
January 16, 2024
Page 2

dismissed, a justiciable controversy still remains with respect to Samsung's counterclaims of non-infringement. Thus, although RPI has conceded non-infringement of all asserted claims based on one issue, that concession does not moot all other grounds on which Samsung seeks non-infringement, including the bases addressed in Samsung's summary judgment motion. Simply put, Samsung's motion for summary judgment—which applies just as equally to Samsung's declaratory judgment claims of non-infringement as it does to RPI's claims of infringement—is not rendered moot if the Court grants RPI's motion to dismiss. Samsung's motion for summary judgment of non-infringement would not be mooted unless and until RPI moves to dismiss Samsung's declaratory judgment counterclaims of non-infringement and such motion is granted by this Court.[1]

RPI's stay request is analogous to seeking a stay of discovery pending a Rule 12 motion to dismiss or a dispositive Rule 56 motion. As multiple courts within this District have held, litigation proceedings are not stayed by the mere filing of a motion that may obviate the need for such proceedings. *See, e.g.*, *Gerald Chamales Corp. v. Oki Data Americas, Inc.*, 247 F.R.D. 453, 454 (D.N.J. 2007) ("mere filing of a dispositive motion does not constitute 'good cause' for the issuance of a discovery stay"); *Udeen v. Subaru of Am., Inc.*, 378 F. Supp. 3d 330, 332 (D.N.J. 2019) ("the mere filing of a motion to dismiss does not stay discovery"). Although there are multiple factors that district courts consider when addressing whether to stay litigation proceedings while a motion to dismiss or motion for summary judgment is pending, *see Udeen*, 378 F. Supp. 3d at 332, the central issue is the relative prejudice to the parties.

Samsung would be significantly prejudiced if RPI were to be able to delay responding to Samsung's summary judgment motion until after all matters relating to RPI's motion to dismiss its infringement claims and subsequent motion to dismiss Samsung's declaratory judgment counterclaims are resolved. RPI has been hiding the ball on its infringement positions since July 2023, when, on the eve of the deadline requiring disclosure of the parties' respective expert positions, RPI unilaterally chose to ignore the Amended Scheduling Order and refused to serve any expert report on infringement—importantly, on the issues for which RPI did not concede infringement. (*See* ECF No. 158.) The time has come to resolve this case on the merits. Samsung has done its part by submitting a motion for summary judgment of non-infringement that seeks resolution on the merits based on a narrow set of grounds that cut across all asserted claims, which, if granted, would resolve the district court litigation in a manner that is likely to eliminate the possibility of piecemeal appeals.

---

[1] RPI recognizes that Samsung's declaratory judgment counterclaims of non-infringement are not automatically mooted by RPI's motion to dismiss its own infringement claims. In its opening brief in support of its motion to dismiss, RPI advised the Court that, to the extent its motion is granted, it would then seek dismissal of Samsung's counterclaims. (ECF No. 160-2 at 5 n.1.)

GIBBONS P.C.

Honorable Edward S. Kiel, U.S.M.J.
January 16, 2024
Page 3

At the same time, RPI would not be unduly prejudiced by having to respond to Samsung's motion for summary judgment. Indeed, the issues on which Samsung has moved for summary judgment are simple, require no expert evidence to resolve, and are based on positions that Samsung has already detailed to RPI—both in Samsung's non-infringement contentions and in correspondence dated June 5, 2020 (*see* ECF No. 177-5) and October 25, 2022 (*see* ECF No. 177-6).

      For the foregoing reasons, Samsung respectfully requests that RPI's request to stay its response to Samsung's motion for summary judgment be denied and that RPI be compelled to provide a response in accordance with the Court's motion calendar.

Respectfully submitted,

s/ Charles H. Chevalier
Charles H. Chevalier

cc:    All Counsel of Record (via ECF and e-mail)