

CHARLES H. CHEVALIER
Director

Gibbons P.C.
One Gateway Center
Newark, New Jersey 07102-5310
Direct: (973) 596-4611 Fax: (973) 639-6263
cchevalier@gibbonslaw.com

February 15, 2024

**VIA ECF**

Honorable Edward S. Kiel, U.S.M.J.
United States District Court for the District of New Jersey
Martin Luther King Jr. Bldg. & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

      Re:    *Rensselaer Polytechnic Institute v. Samsung Electronics America, Inc. et al.*
             **Civil Action No. 19-cv-20097 (BRM)(ESK)**

Dear Judge Kiel:

      As you know, along with Blank Rome LLP, we represent Samsung Electronics America, Inc. and Samsung Electronics Co., Ltd. (collectively, "Samsung") in the above-referenced action. We write to respectfully request that the issue of setting a schedule for the remainder of the district court litigation be included as part of the agenda during the February 22, 2024 status conference. As the Court is aware, currently pending are RPI's motion to dismiss its infringement claims (ECF No. 160), Samsung's motion to compel (ECF No. 158), and Samsung's motion for summary judgment (ECF No. 174). RPI has requested and was granted a stay of its deadline to respond to Samsung's summary judgment motion pending resolution of RPI's motion to dismiss its infringement claims. (ECF Nos. 182 & 189.) But the litigation as a whole has not been stayed. And, as the Court is certainly familiar, the mere filing of a motion to dismiss or dispositive motion does not stay litigation proceedings. *See, e.g.*, *Gerald Chamales Corp. v. Oki Data Americas, Inc.*, 247 F.R.D. 453, 454 (D.N.J. 2007) ("mere filing of a dispositive motion does not constitute 'good cause' for the issuance of a discovery stay"); *Udeen v. Subaru of Am., Inc.*, 378 F. Supp. 3d 330, 332 (D.N.J. 2019) ("the mere filing of a motion to dismiss does not stay discovery"). Accordingly, because there is no current schedule in place directed to the remainder of the district court litigation, Samsung believes that the case schedule should be a topic for discussion for next week's conference.

      We attach the schedule we proposed to RPI last week. This schedule includes deadlines relating to remaining issues of invalidity and unenforceability. This schedule also includes deadlines relating to infringement and non-infringement. We understand that there are many pending issues and that resolution of those issues will impact any case schedule. For example, in proposing this schedule to RPI, Samsung expressly stated that the deadlines relating to infringement and non-infringement assume that the Court orders that expert discovery on these issues must continue. For the sake of efficiency, in addition to the issues the Court would like to discuss during the conference, we think that a case schedule should be part of the conversation.

G<small>IBBONS</small> P.C.

Honorable Edward S. Kiel, U.S.M.J.
February 19, 2024
Page 2

      We note that RPI disagrees. In responding to Samsung's proposal, RPI expressed no desire to commit to any deadlines regarding submission of expert reports based on its mistaken belief that the Court has effectuated a "stay on the schedule" until RPI's motion to dismiss is resolved. This case, however, is approaching its fifth year. As stated above, Samsung believes it makes sense to discuss a schedule for completing the district court litigation even while RPI's motion to dismiss is pending. Accordingly, Samsung respectfully requests an opportunity to discuss this issue with Your Honor during the next status conference.

      We thank the Court for its attention to this matter.

.

                                    Respectfully submitted,

                                    s/ Charles H. Chevalier_____
                                      Charles H. Chevalier

Attachment
cc:      All Counsel of Record (via ECF and e-mail)