

CHARLES H. CHEVALIER
Director

Gibbons P.C.
One Gateway Center
Newark, New Jersey 07102-5310
Direct: (973) 596-4611 Fax: (973) 639-6263
cchevalier@gibbonslaw.com

March 15, 2024

**VIA ECF**

Honorable Edward S. Kiel, U.S.M.J.
United States District Court for the District of New Jersey
Martin Luther King Jr. Bldg. & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

      Re:    *Rensselaer Polytechnic Institute v. Samsung Electronics America, Inc. et al.*
              **Civil Action No. 19-cv-20097 (KM)(ESK)**

Dear Judge Kiel:

      Along with Blank Rome LLP, we represent Samsung Electronics America, Inc. and Samsung Electronics Co., Ltd. (collectively, "Samsung") in the above-referenced action. During the status call with the Court earlier today, counsel for Plaintiff Rensselaer Polytechnic Institute ("RPI"), for the first time, referenced a district court decision from New Mexico that counsel expressed supports RPI's position with respect to this Court's subject matter jurisdiction over Samsung's non-infringement counterclaims. *See Gen. Protecht Grp., Inc. v. Leviton Mfg. Co.*, No. Civ. 10-1020 JB/LFG, 2012 WL 1684573, at \*1 (D.N.M. May 12, 2012).

      RPI's reliance on *Gen. Protecht* is impermissible and inapposite. Not only did RPI not cite this case in either its opening or reply briefs (ECF Nos. 160-2 & 179), but the case is readily distinguishable from the issue at bar. In ruling that the district court lacked subject matter jurisdiction over General Protecht's declaratory judgment claims of non-infringement, the district court in *Gen Protecht* relied on facts that are entirely different from the situation here. Importantly, the district court in *Gen Protecht* did not involve a situation where, as here, the patentee sought to both dismiss its infringement claims on one ground *and* keep those infringement claims alive while at the same time depriving the accused infringer of defending non-infringement on all other grounds for which the patentee did not concede non-infringement.

      In *Gen. Protecht*, in response to a declaratory judgment action filed by General Protecht seeking a declaratory judgment of non-infringement based on a prior implied license, Leviton asserted infringement counterclaims. After Leviton dismissed its infringement counterclaims with prejudice, General Protecht sought to continue litigating the issue of whether an implied license to the asserted patents could be extended to hypothetical future products. *Id.* at \*25-30. But, as the court recognized, "[t]he Plaintiffs have directed the Court to no activities in which they plan to engage in the future that this lawsuit does not cover . . . ." *Id.* at \*26. Because Leviton dismissed its infringement counterclaims with prejudice *and* unequivocally confirmed that it would not "contest that the Plaintiffs have an implied license" under applicable law, the district court found that any dispute about the scope of the implied license as directed to future products was not

GIBBONS P.C.

Honorable Edward S. Kiel, U.S.M.J.
February 26, 2024
Page 2

sufficiently real and immediate to justify jurisdiction under the Declaratory Judgment Act. *Id.* at *8.

Further, given the nature of Leviton's dismissal and surrounding facts, the court interpreted that dismissal to be equivalent to a covenant not to sue and recognized that such a covenant not to sue served as *res judicata* or a collateral estoppel bar. *Id.* at *22.

In short, *Gen. Protecht* does not stand for the proposition that RPI asserts—that simply referring to a motion to dismiss as one being "with prejudice" operates to divest this Court of subject matter jurisdiction over Samsung's non-infringement counterclaims. Unlike the accused infringer in *Gen. Protecht*, the undisputed facts in this case confirm that Samsung remains vulnerable to liability on the same claims that RPI has sought to dismiss. *See* Samsung Br. (ECF No. 171) at 24-25, citing, among other relevant cases, *Orientview Techs. LLC v. Seven For All Mankind, LLC*, No. 13 Civ. 0538(PAE), 2013 WL 4016302, at *5 (S.D.N.Y. Aug. 7, 2013) (holding that a justiciable case or controversy over a declaratory judgment counterclaim of non-infringement is viable where the defendant "remain[s] vulnerable to liability on the same claims").

RPI has not granted Samsung a covenant not to sue on its infringement claims directed to the products at issue in this case or otherwise confirmed that RPI will dismiss its infringement claims against Samsung forever and all time. In fact, what RPI is doing here is quite the opposite: RPI promises to come back to this district court to reassert its infringement claims after appealing the "passivation" claim terms. Thus, if anything, the case that RPI cites weighs against RPI's own position and militates in favor of Samsung's position. Accordingly, RPI's reliance on *Gen Protecht* is inapposite. And, for the reasons addressed in Samsung's opposition to RPI's motion to dismiss and otherwise discussed on today's status call with the Court, Samsung maintains that a justiciable case or controversy remains with respect to Samsung's declaratory judgment counterclaims of non-infringement even if the Court were to dismiss RPI's infringement claims.

\* \* \*

We thank the Court for its consideration and assistance in this matter.

Respectfully submitted,

s/ Charles H. Chevalier
   Charles H. Chevalier